UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____ )
RONALD LOCKARD,                                          )
                                                         )   Case No. C10-1030RSL
                          Plaintiff,                     )
          v.                                             )
                                                         )   ORDER DENYING MOTION TO
WIRESOFT OPERATING COMPANY,   )   VACATE JUDGMENT
                                                         )
                          Defendant.                     )
_____ )

        This matter comes before the Court on "Defendant's Motion to Vacate Order Granting Plaintiff's Motion for Summary Judgment." Dkt. # 30. Federal Rule of Civil Procedure 60(b) authorizes the Court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Motions for relief from judgment "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

        Defendant has not shown "mistake, inadvertence, surprise, or excusable neglect." In early 2011, defendant's former President and Chief Operating Officer, Robert Thomas Schram, notified counsel that Wiresoft was wrapping up its operations and specifically instructed them to take no further action with regards to this litigation. Defendant's counterclaims were abandoned, and counsel did not respond to outstanding discovery or plaintiff's motion for summary judgment. On November 3, 2011, the Court granted summary judgment in plaintiff's favor and dismissed Wiresoft's counterclaims. The resulting judgment

ORDER DENYING MOTION TO
VACATE JUDGMENT

was the natural consequence of Wiresoft's decision to withdraw from participation in this litigation.  The fact that Mr. Schram may not have understood all of the potential repercussions of a judgment against his now-defunct company does not make the decision to abandon this litigation any less intentional.

Nor has defendant shown that relief under the catchall provision of Rule 60(b)(6) is appropriate.  Such relief is available only where "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).  The provision is used "sparingly as an equitable remedy to prevent manifest injustice." Lal v. Cal., 610 F.3d 518, 524 (9th Cir. 2010).  In this case, defendant had every opportunity to defend this action and simply chose not to:  Wiresoft was properly served and, for a while, not only opposed plaintiff's claims, but pursued its own counterclaims.  The decision to withdraw was intentional and unequivocal.  Not even entry of judgment against it in early November 2011 made defendant rethink its chosen litigation strategy.[1]  It was not until plaintiff's counsel pointed out the potential *res judicata* effects of this judgment in a related state court action against Mr. Schram that defendant's interest in this litigation revived.[2]  Given defendant's deliberate litigation strategy and the five month delay between judgment and this motion, the Court finds that defendant failed to take timely action to prevent or correct the judgment of which it complains and cannot rely on equity to remedy the situation.

---

[1] Although Wiresoft had ceased operations prior to the entry of judgment, Mr. Schram received notice of the summary judgment order shortly after it was issued.  Nevertheless, defendant waited until May 10, 2012, to file this motion.

[2] The Court has not analyzed and offers no view on the merits of plaintiff's claims against a corporate officer or the applicability of the doctrine of *res judicata* in the circumstances presented here.  The Court only concludes that summary judgment in the above-captioned cause of action was appropriate under both legal and equitable principles.

ORDER DENYING MOTION TO
VACATE JUDGMENT                                    -2-

1    For all of the foregoing reasons, defendant's motion to vacate judgment is
2 DENIED.
3
4    Dated this 19th day of June, 2012.
5
       *[signature]*
6    Robert S. Lasnik
     United States District Judge

ORDER DENYING MOTION TO
VACATE JUDGMENT                    -3-